**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| PEEJMAN SHADALO, | Case No. 2:25-cv-02076-RFB-BNW |
| Petitioner, | |
| v. | **ORDER APPOINTING COUNSEL** |
| NEVADA SOUTHERN DETENTION CENTER, | |
| Respondent. | |

This is a habeas corpus action under 28 U.S.C. § 2241, initiated *pro se* by Peejman Shadalo, an individual incarcerated at the Nevada Southern Detention Center (NSDC), in Pahrump, Nevada. Shadalo has not paid the $5 filing fee for this action, and he has not applied to proceed *in forma pauperis*.

Shadalo alleges in his Petition for Writ of Habeas Corpus (ECF No. 1-1) that he was born in Iran and is a noncitizen of the United States; that he entered the United States in 2000 as a minor; that he has a permanent resident card; that he is on probation, apparently as a result of a state-court conviction; that he was arrested by Immigration and Customs Enforcement (ICE) when reporting to a probation officer on June 25, 2025 and has been in ICE custody since then; that his removal is unlikely in the reasonably foreseeable future; and that his custody is unlawful under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). The Court determines, however, that Shadalo's Petition is technically defective in that he names an improper respondent, NSDC, and in that he does not provide sufficient detailed information about his immigration proceedings for the Court to properly screen his Petition.

The Court also determines that appointment of counsel is warranted. Generally, habeas petitioners not sentenced to death are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). The court may, however, appoint counsel if the interests of justice so require. See 18 U.S.C. § 3006A; Chaney, 801 F.2d at 1196. Shadalo's *pro se* Petitionsuggests that this action may be relatively complex and that he may not be able to litigate it *pro se*. He also states that he and his family cannot afford to hire an attorney. See ECF No. 1-1 at 7. The Court finds that the interests of justice call for appointment of counsel. The Court will appoint the Federal Public Defender for the District of Nevada (FPD) to represent Shadalo and will grant Shadalo fourteen days to file an amended habeas petition with the benefit of counsel. The matter of the payment of the filing fee, or application to proceed *in forma pauperis*, will be deferred until after counsel appears for Shadalo.

**IT IS THEREFORE ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **FILE** the (ECF No. 1-1) Petition for Writ of Habeas Corpus and electronically **SERVE** upon the FPD a copy of this Order, together with a copy of the Petition.

**IT IS FURTHER ORDERED** that the matter of the payment of the filing fee, or application to proceed *in forma pauperis*, is **DEFERRED** until after counsel appears for Petitioner.

///

///

///

**IT IS FURTHER ORDERED** that the FPD will have 14 days from the date of entry of this order to appear for Petitioner and file an amended petition for writ of habeas corpus on his behalf.

**DATED**: October 30, 2025.

_____
**RICHARD F. BOULWARE, II,**
**UNITED STATES DISTRICT JUDGE**