**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

PEEJMAN SHADALO,

Petitioner,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:25-cv-02076-RFB-BNW

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Mr. Peejman Shadalo's First Amended Petition for Writ of Habeas Corpus (ECF No. 10), Respondents' Motions to Extend Time (ECF Nos. 22, 23), and Petitioner's Motion to Grant Amended Petition (ECF No. 17). For the following reasons, the Court grants Respondents' Motions to Extend Time and Mr. Shadalo's Petition. Meanwhile, the Court denies Mr. Shadalo's Motion to Grant Amended Petition as moot.

## I. MOTIONS TO EXTEND

As a preliminary matter, the Court retroactively grants Respondents' requests for additional time, as Petitioner does not oppose either of them. See LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

## II. PETITION FOR WRIT OF HABEAS CORPUS

Next, the Court awards Mr. Shadalo a writ of habeas corpus for the same reasons it previously articulated. On December 14, 2025, the Court awarded Mr. Shadalo a preliminary injunction, which required Respondents to release him from government custody. See generally Shadalo v.

Mattos, No. 2:25-cv-02076-RFB-BNW, 2025 WL 3568234 (D. Nev. Dec. 14, 2025). In doing so, the Court reasoned that Mr. Shadalo "is likely to succeed in showing that his ongoing detention is statutory and constitutionally unlawful because his removal [from the United States] is not reasonably foreseeable." Id. at *6; cf. also Johnson v. Arteaga-Martinez, 596 U.S. 573, 579 (2022) (citing Zadvydas v. Davis, 533 U.S. 678, 689–97 (2001)). Since then, Respondents have conceded as much. See generally Fed. Resp'ts' Non-Opp'n to the First Am. Pet., ECF No. 24. Therefore, for the same reasons articulated in this Court's prior order, see Shadalo, 2025 WL 3568234, at *4–6 (citations omitted)—which are incorporated by reference herein—the Court concludes that Mr. Shadalo is entitled to enduring habeas relief. See 28 U.S.C. § 2243(c)(3) (empowering a court to award a writ of habeas corpus to a person who "is in custody in violation of the Constitution or laws . . . of the United States."); see also Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (citation omitted) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief. . . . The court is free to fasion the remedy as law and justice require . . . ."); Brown v. Davenport, 596 U.S. 118, 132 (2022) (quoting 28 U.S.C. § 2243) (same).[1]

## III. CONCLUSION

For the foregoing reasons, **IT IS HERBY ORDERED** Respondents' Motions to Extend (ECF Nos. 22, 23) are **GRANTED** *nunc pro tunc*. The Court accepts, and considers, Respondents' responsive briefing (ECF No. 24) in resolving this case.

**IT IS FURTHER ORDERED** Mr. Shadalo's First Amended Petition for Writ of Habeas Corpus (ECF No. 10) is **GRANTED**. Respondents are **PERMANENTLY ENJOINED** from (re)detaining Petition under 8 U.S.C. § 1231 unless, and until, they can demonstrate that his removal from the United States is reasonably foreseeable. If Respondents intend to rely on an undesignated third country to make this showing, they must comply with the procedural demands of due process. See L.R. v. Noem, 826 F. Supp. 3d 1252, 1270–72 (D. Nev. 2026) (footnote omitted) ("[I]n accordance with [ ] ample case law [ ], the Court holds that Petitioner has a due process right to receive meaningful notice and an opportunity to have his fear-based claim fully

[1] As before, the Court declines to reach Petitioner's remaining claims for habeas relief (Grounds 3–5) because they are either: (i.) not ripe for review or (ii.) unnecessary to the full resolution of this case.

adjudicated . . . before [he can be deported to an undesignated third country].”).

**IT IS FURTHER ORDERED** Petitioner’s Motion to Grant Amended Petition (ECF No. 17) is **DENIED** as moot.

**IT IS FURTHER ORDERED** the following Respondents are **SUBSTITUTED** pursuant to Federal Rule of Civil Procedure 25(d): (1.) Secretary of Homeland Security Markwayne Mulling is substituted for Kristi Noem; (2.) Acting Attorney General Todd Blanche is substituted for Pamela Bondi; (3.) David Venturella—the acting director of ICE—is substituted for Todd Lyons; and (4.) Ruben Leyva—the acting director of the Salt Lake City Field Office of ICE Enforcement and Removal Operations—is substituted for Michael Bernacke.

The Clerk of Court is kindly instructed update the docket accordingly, enter judgment, and close this case. The Court retains jurisdiction to enforce its orders, enforce its judgment, and/or adjudicate outstanding claims that become ripe for review. Petitioner may move to reopen this case for these purposes without filing a new action.

**DATED:** September 18, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**